T.C. Summary Opinion 2009-66


UNITED STATES TAX COURT


NORMAN VILLANUEVA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18415-07S.          Filed May 7, 2009.


Norman Villanueva, pro se.

<u>Brian A. Pfeifer</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $4,150 deficiency in petitioner's 2005 Federal income tax. The issue remaining[1] for decision is whether petitioner is entitled to itemized deductions in an amount in excess of the standard deduction.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. When the petition was filed, petitioner resided in Florida.

During 2005 petitioner worked in customer service as a handyman, making various repairs for tenants. He did not reside at the same location as the tenants; thus, he was required to travel to the tenants' homes. He also was not reimbursed by his employer, Quantum Development, for his expenditures. Instead, he claimed $9,282 in unreimbursed employee expenses on his Schedule A, Itemized Deductions (before application of the 2-percent floor of section 67(a)). Petitioner's unreimbursed employee expenses consist of: (1) $330 for tolls; (2) $2,640 for fuel; (3) $920

---

[1]Petitioner presented neither evidence nor argument that he is entitled to his claimed $11,000 deduction for a "GAMING LOSS". Petitioner is therefore deemed to have conceded the issue. See Nielsen v. Commissioner, 61 T.C. 311, 312 (1973); Mikalonis v. Commissioner, T.C. Memo. 2000-281.

for clothes; (4) $850 for "REPAIR"; (5) $560 for tires;
(6) $2,350 for "COMPUTER"; and (7) $1,632 for auto insurance.

## Discussion

### I. Burden of Proof

The Commissioner's determinations in a notice of deficiency
are presumed correct, and the taxpayer bears the burden to prove
that the determinations are in error.  Rule 142(a); Welch v.
Helvering, 290 U.S. 111, 115 (1933).  But the burden of proof on
factual issues that affect the taxpayer's tax liability may be
shifted to the Commissioner where the taxpayer introduces
credible evidence with respect to the issue and the taxpayer has
satisfied certain conditions.  Sec. 7491(a)(1).  Petitioner has
not alleged that section 7491(a) applies, and he has neither
complied with the substantiation requirements nor maintained all
required records.  See sec. 7491(a)(2)(A) and (B).  Accordingly,
the burden of proof remains on him.

### II. Unreimbursed Employee Expenses

Section 162(a) authorizes a deduction for all the ordinary
and necessary expenses paid or incurred during the taxable year
in carrying on any trade or business.  But as a general rule,
deductions are allowed only to the extent that they are
substantiated.  Secs. 274(d) (no deductions are allowed for

gifts, listed property,[2] or traveling, entertainment, amusement, or recreation unless substantiated),[3] 6001 (taxpayers must keep records sufficient to establish the amounts of the items required to be shown on their Federal income tax returns).

Petitioner testified that he did not have any records or receipts to substantiate his deductions because he has moved to different homes, "he misplaced the box [containing his receipts and records], and he cannot find it right now."[4]

Because petitioner has provided no evidence that meets the substantiation requirements of section 274(d) or 6001 and the regulations thereunder, he is not entitled to his claimed

---

[2]The term "listed property" is defined to include passenger automobiles and computers or peripheral equipment. Sec. 280F(d)(4)(A)(i), (iv).

[3]Specifically, sec. 274(d) requires taxpayers to substantiate their deductions by adequate records or sufficient evidence to corroborate the taxpayer's own testimony as to: (1) The amount of the expenditure or use; (2) the time of the expenditure or use; (3) the place of the expenditure or use; (3) the business purpose of the expenditure or use; and (4) the business relationship to the taxpayer of the persons entertained or receiving the gift. See sec. 1.274-5T(a) and (b), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

[4]Petitioner did not attempt to reconstruct his expenditures. See Boyd v. Commissioner, 122 T.C. 305, 319-322 (2004); Sanderlin v. Commissioner, T.C. Memo. 2008-209; sec. 1.274-5T(c)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46022 (Nov. 6, 1985), (if a taxpayer can establish that the taxpayer's failure to produce an adequate record is due to the loss of the record through circumstances beyond the taxpayer's control, the taxpayer may substantiate a deduction by reasonable reconstruction of the expenditures).

deduction for unreimbursed employee expenses.  Respondent's determination is sustained.

III.   Itemized Deductions

Taking into account the Court's determination and petitioner's concession, see supra note 1, his remaining itemized deduction is $2,548 for State sales taxes.  The $2,548 is less than the $5,000 standard deduction for 2005.  See Rev. Proc. 2004-71, sec. 3.10, 2004-2 C.B. 970, 973.  The Court assumes that petitioner would want the larger amount and therefore sustains respondent's use of the standard deduction.  See sec. 63; George v. Commissioner, T.C. Memo. 2006-121 (taxpayers may either elect the standard deduction or elect to itemize deductions).

To reflect the foregoing,

Decision will be entered for respondent.